UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ANSELMO ALEJANDRO CRUZ, | ) | Criminal Case No.: 11cr1307 AJB |
|---|---|---|
| Plaintiff, | ) ) | Related to: Civil No. 3:11-cv-01853 AJB] |
| v. | ) | |
| USA, | ) ) ) | **ORDER DENYING PETITIONER'S MOTION TO VACATE UNDER 28 U.S.C. § 2255** |
| Defendant. | ) ) | [Doc. No. 25] |

Anselmo Alejandro Cruz ("Petitioner") moves this Court to reduce his time in federal custody pursuant to 28 U.S.C. § 2255, arguing that the 1995 United States Attorney General Memorandum offers up to two level downward departure from the applicable guideline sentencing range in return for an alien's concession of deportability and agreement to accept a final order of deportation. For the following reasons, the Court DENIES the motion.

**Discussion**

On May 13, 2011, pursuant to a written plea agreement, Petitioner pled guilty to a Superseding Information charging two counts of illegal entry in violation of 8 U.S.C. § 1325, Count One being a misdemeanor and Count Two being a felony. *See* Plea Agreement, Doc. No. 16. This Court sentenced Petitioner on August 12, 2011, to 6 months imprisonment as to Count One and 24 months imprisonment

as to Count Two to run consecutively to Count One, 3 years of supervised release as to Count Two, and a $100 special assessment. *See* Judgment, Doc. No. 24.

Title 28 of the United States Code, section 2255 provides that if a petitioner's motion, file, and records "conclusively show that the movant is entitled to no relief" the Court summarily may dismiss the motion without sending it to the United States Attorney for response. *See* 28 U.S.C. § 2255(b). The rules regarding Section 2255 proceedings similarly state that the Court summarily may order dismissal of a 2255 motion without service upon the United States Attorney only "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . .". Rule 4(a), Rules-section 2255 Proceedings (West 2009). Thus, when a movant fails to state a claim upon which relief can be granted, or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows,* 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

A defendant may waive his right to file a § 2255 motion to challenge his sentence, but such a waiver must so expressly. *United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000). However, a defendant may not waive an ineffective assistance of counsel claim challenging the knowing and voluntary nature of the plea agreement or the voluntariness of the waiver itself. *United States v. Rahman,* 642 F.3d 1257, 1259 (9th Cir. 2011); *United States v. Jeronimo*, 398 F.3d 1149, 1156 n. 4 (9th Cir. 2005). Petitioner's plea agreement states in part:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the guilty plea, conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable.

( 3:11-cr-01307-AJB, Doc. No. 16 at 3.) The Ninth Circuit approves of such waivers on public policy grounds, reasoning that finality is "perhaps the most important benefit of plea bargaining." *United States v. Navarro-Botello*, 912 F.2d 318, 322 (9th Cir. 1990). Courts will generally enforce a defendant's waiver of his right to appeal if: (1) "the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal," and (2) "the waiver is knowingly and voluntarily made." *United States v. Martinez*, 143 F.3d 1266, 1270-71 (9th Cir. 1998). The Court concludes that both of

1 | these requirements are met in this case.  Accordingly, Petitioner's motion is barred and must be
2 | dismissed because of his plea agreement waiver.
3 |      Even if Petitioner had not waived his right to attack his conviction and sentence, Petitioner's
4 | motion would fail on the merits.  Petitioner's argument that the Court could depart downward because he
5 | is a deportable alien is precluded by statute and current Ninth Circuit case law. By statute, the Court
6 | may depart downward only if there are "aggravating or mitigating circumstances . . . not adequately
7 | taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b).  Specifically, the Ninth
8 | Circuit has held that the threat of deportation is not a factor that the district court may consider for
9 | sentencing purposes. *United States v. Alvarez-Cardenas*, 902 F.2d 734, 737 (9th Cir. 1990).

**Conclusion**

Based on the foregoing reasons, the Court DENIES Petitioner's Motion to Vacate Under 28 U.S.C. § 2255 [Doc. No. 25].

IT IS SO ORDERED.

DATED: September 6, 2011

                                                   Hon. Anthony J. Battaglia
                                                   U.S. District Judge